37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hung Van NGUYEN, Defendant-Appellant.
 No. 93-3702.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Oct. 14, 1994.
 
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 On July 10, 1993, defendant Hung Van Nguyen was arrested by the DEA after accepting delivery of a suitcase containing approximately 25 kilograms of heroin. Following his arrest, DEA Agent Ly, in the presence of another DEA Agent, Agent Meyer, interviewed Nguyen in his native tongue, Vietnamese. Meyer handed Ly a card containing Miranda warnings which Ly read to Nguyen before interviewing Nguyen. Thereafter, Nguyen confessed to Agent Ly that he had been hired to pick the heroin up at the behest of an individual by the name of Sia Cau. Nguyen told Agent Ly that he had been hired by Sia Cau to assist his narcotics operation. Ly took partial, handwritten notes during Nguyen's confession which he later incorported into a report, a DEA-6, which was turned over to defense counsel prior to trial.
 
 
 2
 Prior to trial, Nguyen moved to suppress his statements on the ground that he was not advised of his Miranda warnings before being interviewed by Agent Ly. Following an evidentiary hearing, the court denied Nguyen's motion to dismiss. After a jury trial, Nguyen was convicted of one count of possession of heroin with the intent to distribute in violation of Title 21, United States Code, Section 841(a)(1) and sentenced to 151 months in prison. Nguyen appeals, contending that the district court erred in refusing to compel the government to produce Agent Ly's handwritten notes from the arrest interview, or alternatively, erred by failing to examine the notes in camera to ascertain whether they should have been disclosed pursuant to Federal Rule of Criminal Procedure 16 and the Jencks Act, 18 U.S.C. Sec. 3500, or pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.
 
 
 3
 The trial court's decision whether to compel production of an agent's notes is reviewed under an abuse of discretion standard. United States v. Marshall, 985 F.2d 901, 907 (7th Cir.), cert. denied, 113 S.Ct. 2445 (1993); United States v. Allen, 798 F.2d 985, 993 (7th Cir.1986). The Jencks Act compels the production of statements a witness has signed or otherwise adopted or approved and which relate to the subject matter of a witness' testimony. United States v. Morris, 957 F.2d 1391, 1400 (7th Cir.), cert. denied, 113 S.Ct. 380 (1992). As a general matter, an agent's notes, or his summary, not verbatim account, of an oral statement are typically not statements for purposes of the Jencks Act. Palermo v. United States, 360 U.S. 343, 352-53 (1959); United States v. Lopez, 6 F.3d 1281, 1289 (7th Cir.1993); United States v. Herrero, 893 F.2d 1512, 1524 (7th Cir.), cert. denied, 496 U.S. 927 (1990). In this case, the defendant does not claim that he signed or otherwise adopted or approved the notes made by Agent Ly at the time of his arrest. Further, the DEA-6 memorializing Agent Ly's notes was turned over to defense counsel prior to trial and the affidavit of Agent Ly discloses that the DEA-6 incorporated the entirety of the interview notes.
 
 
 4
 Defense counsel also claims that the district court erred by not examining the notes in camera before deciding whether they should have been disclosed and speculates that the notes contain exculpatory or impeaching material which should have been disclosed to defense counsel. This Court has held that "upon reasonable argument from counsel, there is a presumption that the Court should conduct an in camera inspection of documents to determine whether the documents are producible under the Jencks Act." Marshall, 985 F.2d at 907-08 (citation omitted). We need not decide whether counsel adequately articulated a basis to compel the district court to review Agent Ly's notes because it is clear that any failure to review the notes in camera is harmless error in light of the overwhelming evidence against Nguyen, consisting, inter alia, of the heroin, Nguyen's confession and the testimony of the surveillance agents. Fed.R.Crim.P. 52(a). Therefore, the district court's failure to conduct an in camera inspection of the notes in this case neither influenced the jury nor had any effect at all upon the trial. See Lopez, 6 F.3d at 1289 (Failure to examine notes in camera was harmless error); Marshall, 985 F.2d at 908 (same). As explained above, the notes themselves were in fact incorporated into a DEA-6 and then made available to defense counsel. Finally, there is no evidence in the record to substantiate counsel's speculation that the evidence contained in the notes was impeaching or exculpatory and consequently, the district court did not err in refusing to compel the government to disclose the notes.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant filed a statement indicating that the Rule 34(f) notice was premature. No further statement has been filed by either party. We have reviewed the briefs and the record in this matter, conclude that oral argument would not be helpful to the Court and the appeal is therefore submitted on the briefs and the record